IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

October 20, 2025

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

Darren Lamont Rice,  )
                     )
            Plaintiff,  )
                     )
v.                   )          Civil Action No. 7:25-cv-00234
                     )
Dir. Chadwick Dotson *et al.*,  )
                     )
            Defendants.  )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Darren Lamont Rice, a Virginia inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983, complaining about inadequate medical care for a hernia. This matter is before the court on Rice's requests that the court issue "temporary restraining order[s]," which arise out of claimed subsequent conditions not related to the inadequate medical care at issue in Rice's complaint. (Dkts. 37, 44 at 4.) For the reasons that follow, the court will deny Rice's motions, which the court has construed as requests for preliminary injunctive relief given that Rice seeks ongoing relief and that Defendants have responded to the merits of his allegations.

## I. Background

On August 18, 2025, Rice filed a motion requesting preliminary injunctive relief. (Dkt. 37.) In his response to a pending motion to dismiss, he repeated his request for that relief. (Dkt. 44 at 4.) Because Rice alleged that he was in "imminent danger" due to a lack of water for two weeks, denial of all hygiene items, and his placement into a cell with an exposed wire,

the court directed Defendants to respond to these allegations. (Dkt. 39.) Defendants did so. (Dkts. 40–42.) Rice then was given an opportunity to reply (Dkt. 46), and he filed a document that addressed some of the issues related to preliminary injunctive relief. (Dkts. 50-1, 50-2.)

## II. Standard of Review

A plaintiff seeking a preliminary injunction must demonstrate (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm without preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter*, 555 U.S. at 20. The court must separately consider each *Winter* factor to grant injunctive relief. *Di Biase*, 872 F.3d at 230. A failure to establish one factor, however, warrants the denial of relief. *Am. Fed'n of Tchrs.*, 2025 WL 2313244, at *3 (noting that denying a preliminary injunction only takes the rejection of a single factor). As the Fourth Circuit recently summarized, "[p]laintiffs seeking a preliminary injunction thus face an inherently uneven playing field." *Id.*

To satisfy the first factor, "[a] plaintiff need not establish a certainty of success, but must make a clear showing that he is likely to succeed at trial." *Di Biase,* 872 F.3d at 230 (internal quotation marks omitted). To satisfy the second, "a plaintiff must demonstrate more than just a possibility of irreparable harm." *Id.* (internal quotation marks omitted). The irreparable harm alleged by movant must be "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991) (quoting *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989)). The third and fourth factors "merge" where, as here, the Government is the opposing party. *Miranda*

*v. Garland*, 34 F.4th 338, 365 (4th Cir. 2022) (quoting *Nken v. Holder*, 556 U.S. 418, 435 (2009)).

The typical preliminary injunction is prohibitory and generally seeks only to maintain the status quo pending a trial on the merits. *See Pashby v. Delia*, 709 F.3d 307, 319 (4th Cir. 2013). By contrast, mandatory injunctive relief such as that sought by Rice here "goes well beyond simply maintaining the status quo *pendente lite*, is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *Taylor v. Freeman*, 34 F.3d 266, 270 n.2 (4th Cir. 1994) (quoting *Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976)). A mandatory injunction is warranted in only the most extraordinary circumstances. *Id.* at 270 (citing *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980)). Further, "[i]t is well established that absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons or substitute their judgment for that of the trained penological authorities charged with the administration of such facilities." *Id.* at 268; *see also Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982) ("[J]udicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.").

### III. Analysis

Based on the court's review of the relevant filings, the court finds that injunctive relief should not be granted at this time.

First, a motion for a preliminary injunction must be related to the underlying complaint; it is not an appropriate vehicle for asserting new claims. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *see also Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) (stating that "a preliminary injunction may never issue to prevent an injury or harm

which not even the moving party contends was caused by the wrong claimed in the underlying action"). A plaintiff seeking a preliminary injunction must show "a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). That linkage is not present here, so an injunction could not appropriately issue.

Additionally, Rice has not presented evidence from which the court could conclude that there is a likelihood of success as to his claims or that he is in imminent danger. Defendants presented evidence in the form of declarations which attest that Rice has not been denied water (other than a temporary cutoff for a repair completed within one day), (Dkt. 42-1 ¶ 7), that he has not been denied hygiene items, (*id.* ¶ 9), and that any personal property that had been packed up for an anticipated and later rescheduled appointment has been returned. (Dkt. 42-2 ¶¶ 5–7.) Defendants concede that there was a wire in Rice's cell sticking out of the wall but explain that it was never powered, so it could not have presented any danger to Rice, irrespective of its repair status. (Dkt. 42-1 ¶ 10.) Additionally, prison records show that Rice has been in frequent contact with his family members. (Dkts. 42-3, 42-4.)

### IV. Conclusion

For the reasons outlined above, the court **DENIES** Rice's requests for preliminary injunctive relief. (Dkts. 37, 44.) If Rice wishes to pursue claims about the conditions asserted in his filings, he must pursue those claims in a new action.

The Clerk is **DIRECTED t**o send a copy of this Memorandum Opinion and Order to Rice.

**ENTERED** this 20th day of October, 2025.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE